# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERT GOLDSTEIN and LOIS GOLDSTEIN, <br><br> v. <br><br> AMERICAN STATES INSURANCE COMPANY d/b/a/ SAFECO INSURANCE COMPANY | CIVIL ACTION <br><br> NO. 18-3163 |

## MEMORANDUM RE: MOTION TO SEVER AND STAY BAD FAITH CLAIM

**Baylson, J.**                                                                      **November 28, 2018**

### I. Introduction

In this case, Plaintiffs Gilbert and Lois Goldstein allege that their insurer, Defendant Safeco Insurance Company ("Safeco"), failed to honor the terms of the underinsured motorist provision of their insurance contract and exhibited bad faith in its handling of Plaintiffs' claim in violation of 42 Pa. C.S.A. § 8371 and in breach of Safeco's fiduciary duties. Presently before this Court is Safeco's Motion to Sever and Stay Plaintiffs' bad faith claim. For the reasons stated below, Safeco's Motion is denied.

### II. Factual Background

On or about June 29, 2015, Gilbert Goldstein was involved in an automobile accident that he alleges caused him severe and permanent injuries. (ECF 1, Compl. ¶¶ 10–11.) At the time of the accident, Gilbert and Lois Goldstein were insured on automobile policy No. K2751905 with Safeco, which included underinsured motorist coverage. (Id. ¶¶ 7–8.) The insurance company for the tortfeasor, which is not a party to this suit, tendered the maximum amount available up to its policy limits. (Id. ¶ 15.) Because that amount was not enough to cover the extent of Gilbert Goldstein's injuries, Plaintiffs filed an underinsured motorist claim with Safeco. (See id. at ¶¶ 20,

1

27.) Safeco refused to negotiate a settlement or pay Plaintiffs for the damages suffered from the car accident. (Id. at ¶ 31.)

**III.    Procedural History**

Plaintiffs filed the Complaint in this Court on July 26, 2018, setting forth two Counts: (1) Safeco acted in bad faith by failing to negotiate a good faith settlement in breach of its fiduciary duties to Plaintiffs, and by failing to pay Plaintiffs underinsured motorist benefits in violation of 42 Pa. C.S.A. § 8371;[1] and (2) Safeco breached the parties' insurance contract by failing to pay Plaintiffs underinsured motorist benefits. (Compl. ¶¶ 46–54, 56–62.) Safeco filed a Motion to Sever and Stay Plaintiffs' bad faith claim on August 30, 2018 (ECF 3, "Mot."). Plaintiffs filed a Response on September 10, 2018 (ECF 5, "Resp.").

**IV.    Legal Standard**

Safeco brings its motion under Federal Rule of Civil Procedure 42(b), which provides that a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "The district court has broad discretion in its determination to sever and stay proceedings." Zinno v. Geico Gen. Ins. Co., No. 16-792, 2016 WL 6901697, at *1 (E.D. Pa. Nov. 21, 2016) (Baylson, J.) (citing Lis v. Robert Packer Hosp., 579 F.2d 819, 829 (3d Cir. 1974); Bechtel Corp. v. Local 215, 544 F.2d 1207, 1215 (3d Cir. 1976))). Bifurcation of issues for trial "is not to be routinely ordered"; it is "encouraged where experience has demonstrated its worth." Robert Packer, 579 F.2d at 824 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment).

To determine whether to sever claims, a court must "balanc[e] [] several considerations

---

[1] Plaintiffs make fourteen separate allegations against Safeco in support of the bad faith claim. (See Compl. ¶ 51(a)–(n).)

including 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'" Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (Ludwig, J.) (quoting German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1400 n.6 (2d Cir. 1995)). In this determination, a court is required to consider the following factors:

> (1) [W]hether the claims sought to be tried separately are significantly different from one another, (2) whether the claims require different evidentiary proof, (3) whether the non-moving party will be prejudiced by severance, and (4) whether the moving party will be prejudiced by proceeding to one trial.

Zinno, 2016 WL 6901697, at *1 (citations omitted). The moving party bears the burden of demonstrating that bifurcation is appropriate. Reeves v. Travelers Co., No. 16-6448, 2017 WL 1361546, at *1 (E.D. Pa. Apr. 11, 2017) (Baylson, J.).

This Court has recently decided four factually similar cases.[2] First, in Corley v. National Indemnity Co. & Sterling Claim Services, Inc., No. 16-584 (E.D. Pa. Sept. 9, 2016) (Baylson, J.), this Court granted defendant's motion to bifurcate and stay discovery on plaintiff's statutory bad faith claim until plaintiff's contract claim had been resolved. Id. at *1. This Court's decision was largely based on the differing degrees to which discovery was underway on plaintiff's two claims. Id. The focus was expediency, as discovery as to plaintiff's contract claim was nearly complete and "essentially ready for trial," unlike plaintiff's bad faith claim. Id. at *1–2. Rather than wait at least a year for discovery to conclude on the bad faith claim, the Court granted defendant's motion. Id. at *1.

Next, in Zinno, this Court denied defendant's motion to bifurcate because, unlike in Corley,

---

[2] Only Plaintiffs address the first three in their briefs–Corley v. Nat'l Indem. Co. & Sterling Claim Servs., Inc., No. 16-584 (E.D. Pa. Sept. 9, 2016) (Baylson, J.); Zinno, 2016 WL 6901697; and Reeves, 2017 WL 1361546.

3

there was no indication that bifurcating plaintiff's claims would expedite resolution. 2016 WL 6901697, at *3. Neither the bad faith claim nor the contractual claim was ready for trial; three months remained before discovery was scheduled to end as to both claims. Id. Further, the evidence required to prove plaintiff's breach of contract claim overlapped with the evidence required to prove plaintiff's bad faith claim. Id. at *2. Then, in Reeves, a nearly-identical case to Zinno, this Court followed its reasoning and decision in Zinno and denied defendant's motion to sever and stay plaintiff's bad faith claim. 2017 WL 1361546, at *4. Finally, in Jones-Silverman v. Allstate Fire & Casualty Insurance Co., No. 17-1711, 2017 WL 3262453 (E.D. Pa. July 31, 2017) (Baylson, J.), which neither party cites in their briefs, this Court again denied defendant's motion to sever and stay plaintiff's bad faith claim, following the reasoning employed in both Zinno and Reeves. Id. at *4.

## V. Discussion

### A. Parties' Contentions

Safeco contends that severance is appropriate because Plaintiffs' bad faith claim will be resolved in a bench trial, whereas Plaintiffs' breach of contract claim will be adjudicated through a jury trial, citing Pennsylvania state case law. (Mot. at 4.) Safeco avers that "this Court"[3] and Pennsylvania courts have permitted the severance and staying of bad faith claims as of late, citing Orders from Harootunian v. Liberty Mutual General Insurance Co., No. 2017-26567 (Pa. Commw. 2018), and McDowell v. Liberty Mutual Group, Inc., No. 2:18-CV-00580-RK (E.D. Pa. 2018) (Kelly, Jr., J.). (Id. at 3; id. Ex. B.) Safeco also avers that the resolution of the breach of contract claim may moot the bad faith claim. (Id. at 5.) Further, Safeco argues that each claim will rely on

---

[3] Safeco identifies an opinion issued by Judge Kelly, Jr. in this district as an opinion issued by "this Court." (See Mot. at 3.)

4

a different set of evidence and that allowing a jury to hear these separate sets of evidence together will be prejudicial. (Id. at 4, 6.) And if discovery is not stayed, Safeco contends, there is a possibility of distracting discovery disputes that will similarly prejudice the jury against Safeco. (Id. at 6.)

In response, Plaintiffs contend that there is significant overlap in the evidence proving Plaintiffs' bad faith and contractual claims such that bifurcation will waste time and resources. (Resp. at 5.) Plaintiffs also contend that Safeco has failed establish prejudice, relying on several decisions from this Court. (Id. at 6–8) (citing Reeves, 2017 WL 1361546; Zinno, 2016 WL 6901697, at *2–3; Corley, No. 16-584).

### B. Analysis

#### i. Bifurcation would not be convenient, economical, or expeditious.

As noted above, Safeco contends that it will be more convenient for the parties to litigate Plaintiffs' contract claim separately from Plaintiffs' bad faith claim because the resolution of the contract claim may render the bad faith claim moot. (Mot. at 6.) Safeco also argues that bifurcation is necessary because Plaintiffs' bad faith claim will be resolved at a bench trial, whereas Plaintiffs' contract claim will be resolved at a jury trial. (Id. at 4.)

Contrary to Safeco's contentions, bifurcating Plaintiffs' claims would not serve the interests of convenience, economy, or expedition. First, this is not a complex case that warrants bifurcation, unlike a commercial or property damage case. This is a personal injury matter arising from a car accident. As this Court set forth in Zinno, which presents similar facts, "[t]he key issue in the breach of contract claim is damages and the principal basis of the bad faith claim is delay: neither is a complex issue." 2016 WL 6901697, at *2; see also Reeves, 2017 WL 1361546, at *3 ("[A]s in Zinno, neither of Plaintiff's claims here are particularly complex, and to have two

5

separate trials would unnecessarily complicate and prolong the case.") (citing Zinno, 2016 WL 6901697, at *2).

Second, with respect to Safeco's argument that Plaintiffs' bad faith claim must be severed because it must be resolved at a bench trial, Safeco fails to recognize that "the Commonwealth and federal district courts have developed their bad-faith jurisprudence along starkly different lines." Wagner v. Allstate Ins. Co., No. 5:14-cv-07326, 2016 WL 233790, at *4 (E.D. Pa. Jan. 19, 2016) (Leeson, Jr., J.) (citation and internal quotation marks omitted). As Judge Leeson, Jr. pointed out in Wagner, this distinction "can be attributed at least in part to the fact that there is no right to have a bad faith claim heard by a jury trial in the Pennsylvania state courts." Id. at *4 (emphasis added). In federal court, this argument does not support the conclusion that Plaintiffs' bad faith and contractual claims must be severed.

Further, regarding Safeco's argument that resolution of the contract claim could render the bad faith claim moot, judges in this district have concluded on several occasions that postponing the resolution of bad faith claims pending adjudication of contractual claims will not necessarily conserve judicial resources. See, e.g., Reeves, 2017 WL 1361546, at *3 (Baylson, J.) ("[A]ny hypothetical time saving[] [that staying the bad faith claim pending resolution of the contract claim] would afford the [C]ourt does not outweigh the inefficiency and inconvenience in having two discovery periods, two dispositive motion schedules, [and] two trials." (citation omitted)); Eizen Fineburg & McCarthy, P.C. v. Ironshore Specialty Ins. Co., No. 16-2461, 319 F.R.D. 209, 212 (E.D. Pa. 2017) (Slomsky, J.) (concluding that convenience weighed against bifurcation of plaintiff's contract and bad faith claims where a jury verdict in favor of the defendant on plaintiff's contract claim would not necessarily have obviated the need to try the bad faith claim); Rohm & Haas Co. v. Utica Mut. Ins. Co., No. 07-584, 2008 WL 2517176, at *4 (E.D. Pa. June 23, 2008)

6

(Pratter, J.) ("[T]he Court concludes that bifurcation of [plaintiff's] bad faith claim from the underlying contractual claim would not necessarily be more convenient, expeditious, or economical, because it is possible that a trial on the bad faith claim would proceed regardless of the outcome of the duty to defend [the contractual] claim.").

As Judge Leeson, Jr. and Judge Slomsky pointed out in Wagner and Eizen Fineburg, respectively, although a bad faith claim will frequently fail if an insurer prevails on an underlying contract claim, that is not always the case. Wagner, 2016 WL 233790, at *3 (Leeson, Jr., J.); Eizen Fineburg, 319 F.R.D. at 212 (Slomsky, J.). "'Courts have extended the concept of 'bad faith' beyond an insurer's denial of a claim in several limited areas,'" including an insurer's unreasonable delay in evaluating insured's claims, even if the insurer's ultimate assessment of the claims proves to be correct. Wagner, 2016 WL 233790, at *3 (quoting Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005)). Bad faith is also extended "when the plaintiff's bad faith claim is based on more or other than just the insurance company's refusal to provide coverage." Eizen Fineburg, 319 F.R.D. at 212 (citation and internal quotation marks omitted).

In this case, Plaintiffs' bad faith claim includes allegations that Safeco refused to conduct a reasonable investigation of their claim, failed to adopt and implement reasonable standards for the prompt investigation of such claims, and breached its fiduciary duties. (Compl. ¶ 51.) As these alleged bad faith actions involve conduct separate from Plaintiffs' breach of contract claim, a jury verdict in favor of Safeco on the contract claim may not obviate the need to try the bad faith claim. See Eizen Fineburg, 319 F.R.D. at 212–13. Accordingly, while postponing the resolution of Plaintiffs' bad faith claim may conserve judicial resources, "[t]he likelihood of that outcome occurring in this case . . . is far from clear." Wagner, 2016 WL 233790, at *3.

Further, the Orders that Safeco references, which were issued by the Pennsylvania Court

7

of Common Pleas for Montgomery County and Judge Kelly, Jr. of the Eastern District of Pennsylvania, are not determinative in this case. The state court Order does not affect this Court's decision because, as set forth above, "the Commonwealth and federal district courts have developed their bad-faith jurisprudence along starkly different lines." Wagner, 2016 WL 233790, at *4. Further, decisions of the Court of Common Pleas are not binding on this Court. See Zitomer v. Med Protective Corp., No. Civ.A 03-3642, 2004 WL 1221405, at *8 (E.D. Pa. June 1, 2004) (Padova, J.) (noting that Court of Common Pleas decisions are not binding on this Court); see also Keeley v. Loomis Fargo & Co., 183 F.3d 257, 269 n.9 (3d Cir. 1999) (nothing that trial court decisions are persuasive, not binding, authority). Judge Kelly, Jr.'s Order is similarly non-binding on this Court. As the Supreme Court has stated, "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Camreta v. Greene, 131 S. Ct. 2020, 2033 n.7 (2011) (citation and internal quotation marks omitted). This Court also notes that "the sizeable majority of the federal district courts in Pennsylvania [] have refused to stay bad faith claims against insurers until the underlying coverage claims can be resolved." Wagner, 2016 WL 233790, at *4; id. at *4 n.10 (listing cases).

### ii. Bifurcation would not prejudice the parties.

Safeco contends that if Plaintiffs' bad faith claim is not severed, the jury will be prejudiced against Safeco because evidence relevant to Plaintiffs' bad faith claim and wholly irrelevant to the breach of contract claim will be presented. (Mot. at 4.) Without severing the claims, Safeco argues, evidence put forth on the bad faith claim will likely confuse the jury. (Id.) Safeco contends that discovery of Plaintiffs' bad faith claim must be stayed because the simultaneous discovery on both claims "has the very real possibility of turning into unnecessarily distracting disputes over

8

the discoverability of documents that stray far afield from the focus of the underlying . . . contract claim." (Id. at 6.)

In support of the contention that the jury will be prejudiced against Safeco if the bad faith claim is not severed, Safeco relies only on a state court opinion, Kemp v. Mutual Benefits Insurance Co., 45 Pa. D. & C. 5th 234, 247 (Pa. Commw. 2015). Though the Court of Common Pleas for Monroe County concluded in Kemp that failure to sever the insured's bad faith claims from the contractual claims would prejudice the insurer in the eyes of the jury, this case is not binding on this Court. As the court noted in Kemp, federal district court decisions are only persuasive authority to state trial courts; and, as set forth above, the converse is also true. See id. (citing Craker v. State Farm Mutual Auto. Ins. Co., No. 11-0225, 2012 WL 3204214, at *1 (W.D. Pa. Aug. 3, 2012)).

Moreover, as Plaintiffs point out, the evidence required to prove Plaintiffs' bad faith and contractual claims overlaps. (See Resp. at 5.) Safeco argues that each claim will rely on distinct evidence, and that allowing the jury to hear these separate sets of evidence at the same time will prejudice the jury against Safeco. (Mot. at 4, 6.) However, this Court rejected a similar argument in Reeves, where this Court concluded that "[a]lthough the ultimate issues in the two claims are distinct, the evidence that would be presented at the two trials would be similar." 2017 WL 1361546, at *3. Though the focus of the bad faith claim is Safeco's conduct, Safeco's investigation of Plaintiffs' insurance claim "'did not occur in a vacuum'–the context surrounding the investigation, including the underlying facts of the accident and the policy terms[,] are critical to a jury's understanding of a bad faith claim." Id. (quoting Wagner, 2016 WL 233790, at *4). Accordingly, as this Court concluded in Reeves, to present the same evidence in two different trials "is a waste of resources." Reeves, 2017 WL 1361546, at *3; see also Rohm & Haas Co.,

9

2008 WL 2517167, at *4 (citation and internal quotation marks omitted) ("Separating potentially overlapping discovery and trials . . . would be the opposite of expeditious resolution of the litigation.").

Turning to Safeco's contention that discovery of Plaintiffs' bad faith claim must be stayed, Safeco relies only on one dissenting state court opinion, rather than on several factually similar cases decided by this Court. (See Mot. at 4–6.) Safeco cites Judge Lally-Green's dissent in <u>Gunn v. Auto Insurance Co. of Hartford, Connecticut</u>, 971 A.2d 505 (Pa. Super. Ct. 2009), where the court considered defendant insurer's appeal of the trial court's decision denying defendant's motion to sever and stay plaintiff's bad faith claim. <u>Id.</u> at 308. This Court previously distinguished Judge Lally Green's dissent from <u>Jones-Silverman</u>, which presents similar facts to this case. See 2017 WL 3262453, at *1, *2. In <u>Jones-Silverman</u>, this Court pointed out that the majority in <u>Gunn</u> held that the court lacked jurisdiction over the appeal because the trial court's order was not an appealable collateral order. <u>Id.</u> at *2 (citing <u>Gunn</u>, 971 A.2d at 512). The crux of Judge Lally-Green's dissent was that the insurer would be unfairly prejudiced if the claims were not severed, as the insurer may have been compelled to disclose privileged information during discovery of the bad faith claim and may have been "forced into unfair settlements" if the insurer had to litigate and produce discovery on both claims simultaneously. <u>Jones-Silverman</u>, 2017 WL 3262453, at *2 (quoting <u>Gunn</u>, 971 A.2d at 513).

As this Court stated in <u>Jones-Silverman</u>, not only is Judge Lally-Green's dissent not binding on this Court, but it is also not relevant because it confronts a different issue than the present case. <u>Id.</u> The issue in <u>Gunn</u> was whether the trial court's order denying the insurer's motion implicated the insurer's rights to the extent that the order was appealable. <u>Id.</u> Here, the issue is whether severance is appropriate under Federal Rule of Civil Procedure 42(b). Though

the question in Gunn prompted Judge Lally-Green to consider several factors also at issue here, such as the discovery concerns Safeco cites in its brief, this Court is not persuaded to follow this dissent. See id.

This Court has also previously rejected the argument that failure to stay discovery on Plaintiffs' bad faith claim may lead to distracting discovery disputes. This Court stated in Reeves that "[t]he mere potential for discovery disputes is not a reason to stay discovery on the bad faith claim." 2017 WL 1361546, at *4. In opposing bifurcation, Plaintiffs are taking a risk of additional discovery disputes and a greater likelihood that Safeco will be unwilling to produce certain requested documents. See id. As this Court noted in Reeves, it is Plaintiffs' choice to take that risk. See id.

Similarly, this Court has rejected the argument that the risk of jury confusion warrants bifurcation. In Reeves, this Court determined that "a concern that a jury would be unable to disregard certain evidence when considering Plaintiff's breach of contract claim is not a reason to bifurcate the two claims at this point." Id. at *4. If this concern were deemed valid as trial approaches, "there are adequate procedures available in federal court to address it," such as bifurcated trials and jury verdicts. Id. (citing Craker v. State Farm Mut. Auto. Ins. Co., No. 11-0225, 2011 WL 4565582, at *2 (W.D. Pa. Sept. 29, 2011)).

As a result, Safeco has failed to meet its burden of showing that bifurcation is warranted under Federal Rule of Civil Procedure 42(b). Safeco has not shown that the level of prejudice it will face from trying both the bad faith and contract claims together outweighs the detrimental effects of bifurcation. As Safeco has failed to show that severing and staying Plaintiffs' bad faith claim will avoid prejudice and serve the interests of convenience, economy, and expedition, the Court declines to exercise its discretion to grant Safeco's Motion.

11

## VI. Conclusion

Defendant's Motion to Sever and Stay Plaintiffs' bad faith claim will be denied.

An appropriate Order follows.

O:\CIVIL 18\18-3163 Goldstein v American States Ins\18cv3163 Memo re Motion to Sever and Stay.docx